FILED
September 20, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002938032

BARRY H. SPITZER, State Bar #161525
LAW OFFICE OF BARRY H. SPITZER
1007 7th Street, Suite 200
Sacramento, California 95814

Telephone: (916) 442-9002
Facsimile: (916) 442-9003

Attorneys for Chapter 7 Trustee
Michael Kasolas

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re:

DORITA R. ALBERTS,

        Debtor.

CASE NO. 10-32114-A-7

D.C. NO. BHS-3

MOTION FOR SALE OF ESTATE'S INTEREST IN VARIOUS AUTOMOBILES

DATE: October 21, 2010
TIME: 9:00 a.m.
DEPT: A; COURTROOM 28
Hon. Michael S. McManus

    Michael Kasolas, duly appointed Chapter 7 Trustee (hereafter the "Trustee") in the above-captioned matter, through his counsel, Barry H. Spitzer, moves this Court for authority to sell the Estate's interest in various automobiles, detailed herein (hereinafter "Subject Property"), "as-is" and "where-is" pursuant to the provisions of 11 U.S.C. section 363(b) of the Bankruptcy Code to Bruce Alberts, the non-filing spouse of the Debtor, for a total of $12,404.00, subject to the existing liens and encumbrances. The Subject Property is valued by the Debtor at $37,500.00 and by the Trustee at $51,300,00. There are secured liens on all of the automobiles totaling approximately $29,000.00, as detailed herein. Bruce Alberts is a co-debtor on these secured liens.

    In support of his Motion, the Trustee states the following:

    1.    That the Debtor filed a Chapter 7 petition on May 7, 2010 and Movant was appointed as the Chapter 7 trustee of the estate of the above-named Debtor that day.

2. That the Debtor listed the fair market value of the Subject Property as $37,000.00 on amended Schedule B filed August 10, 2010. The Trustee believes the Subject Property has secured claims against it in the amount of approximately $29,000.00, for which Bruce Alberts is a co-debtor. The Debtor exempted one of the vehicles, the 1972 GMC Sprint, in the amount of $2,725.00. This amount will be applied to the $8,918.00 the Debtor owes to the estate.

3. That the Subject Property specifically includes:

| Vehicle | Value | Loan Balance | Equity | 18% COS | Purchase $ |
|---|---|---|---|---|---|
| 1955 Pontiac Chieftain | $9,500 | $4,294 | $5,206 | $1,710 | $3,496 |
| 1931 Ford Model A | $12,500 | $9,320 | $3,180 | $2,250 | $930 |
| 1939 Chevy Master Deluxe | $16,500 | $9,543 | $6,957 | $2,970 | $3,987 |
| 1972 GMC Sprint | $11,600 | $5,521 | $6,079 | $2,088 | $3,991 |
| 1912 Studebaker Horse Buggy | $1,200 | $0 | $1,200 | $216 | $984 |

4. The Trustee wishes to sell the estate's interest in the Subject Property to Bruce Alberts "as-is" and "where-is," subject to the existing liens and encumbrances, for $13,388.00 to be paid within 5 days of the Court approval of the sale. However, if anyone but Bruce Alberts purchases any of the vehicles, their bid must be increased by the amount of the secured lien. The Trustee believes it is in the best interest of the estate to sell the estate's interest in the Subject Property to Bruce Alberts for $13,388.00. Bruce Alberts has provided a $8,413.00 deposit to the Trustee which shall be non-refundable if the bid of Bruce Alberts is accepted and refundable in whole or in part in the event of an overbid or overbids. Each vehicle shall be sold individually, allowing an overbid on each.

5. The Trustee requests that the Court only approve overbids presented at the hearing that meet the following criteria:

(a) The overbids shall be in minimum $200.00 increments. Overbidding

MOTION FOR SALE OF ESTATE'S INTEREST IN VARIOUS AUTOMOBILES

2

for each vehicle shall start at the bid price plus the loan value plus $200.00. In addition, if the overbid is by a party other than Bruce Alberts, any and all costs of sale and transfer shall be the responsibility of the buyer.

    (b)    To qualify as a bidder, the bidder must bring to the Court a Cashier's Check or a certified check for the initial overbid amount, as detailed in 5(a) above. This Cashier's or certified check shall serve as a non-refundable deposit if the overbid is successful.

    (c)    The successful overbidder must deliver to the Trustee a Cashier's or certified check for the overbid amount within 48 hours of Court approval of the sale.

    (d)    Final payment is due within 5 days of the order granting approval of the sale.

6.    The Trustee seeks authority to execute any and all additional conveyances, assignments, schedules and other documents as may be necessary to consummate this sale.

7.    The Trustee further seeks a waiver of the fourteen day waiting period imposed by Federal Rule of Bankruptcy Procedure, Rule 6004(h).

WHEREFORE, Michael Kasolas respectfully requests he be authorized to sell to Bruce Alberts the estate's interest in various automobiles, detailed above, "as-is" and "where-is" pursuant to the provisions of 11 U.S.C. section 363(b) of the Bankruptcy Code to Bruce Alberts, the non-filing spouse of the Debtor, for a total of $13,388.00, subject to the existing liens and encumbrances, if any, pursuant to the provisions of section 363(b) of the Bankruptcy Code; and authority to execute any and all additional conveyances, assignments, schedules and other documents as may be necessary to consummate this sale. The Trustee further seeks a waiver of the fourteen day waiting period imposed by Federal Rule of Bankruptcy Procedure, Rule 6004(h).

Respectfully submitted,

DATED: September 20, 2010    LAW OFFICE OF BARRY H. SPITZER
By: *(signature)*
BARRY H. SPITZER
Attorneys for Michael Kasolas,
Chapter 7 Trustee

## VERIFICATION

I, Michael Kasolas, hereby declare:

1. I am the duly appointed Trustee in the above-entitled Estate.

2. I have personal knowledge of the facts stated herein and if called as a witness, I could and would testify competently thereto.

3. I believe it is in the best interest of the estate to sell the estate's interest in the Subject Property to Bruce Alberts for a total of $13,388.00. The proposed purchase price is the highest value the property will bring the estate. The sale will allow for the orderly liquidation of the estate.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this Declaration is executed on September 17, 2010 at San Francisco, California.

_/s/ Michael Kasolas_
Michael Kasolas, Trustee

MOTION FOR SALE OF ESTATE'S INTEREST IN VARIOUS AUTOMOBILES
4